UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Logan Johnson,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Pendu Manufacturing, Inc.<br><br><br>　　　　　　　Defendant. | Court File No.: 0:21-cv-2147<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

TO:　　ABOVE-NAMED DEFENDANTS AND THIER ATTORNEYS:

　　　Plaintiff, for his cause of action against the above-named Defendant, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

　　　1.　　Plaintiff, Logan Johnson, is a citizen and resident of the State of Minnesota. At all times relevant, Plaintiff was a citizen and resident of this District.

　　　2.　　Defendant Penda Manufacturing, Inc. is an American Corporation with its principal place of business in the City of New Holland, County of Lancaster, State of Pennsylvania. Defendant Penda Manufacturing, Inc. is also incorporated in Pennsylvania.

　　　3.　　Defendant Pendu Manufacturing, Inc. maintain a presence in the United States and Minnesota specifically through the manufacture, sale, and distribution of their industrial machinery, including the equipment that injured the Plaintiff, throughout the country and in Minnesota.

　　　4.　　This court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because the

1

amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs, and because this is an action by an individual Plaintiff who is a citizen of a different state from the Defendant.

5.     Venue is proper in this District pursuant to 28 U.S.C. 1391. Plaintiff was injured while using Defendant's defective and unsafe product in this District. Defendant advertised in this District, received substantial compensation and profits from sales of its products in this District, distributed and shipped its products into this District, and breached warranties in this District.

## FACTUAL ALLEGATIONS

I.

That Defendant manufactured, distributed, sold and maintained, equipment machinery, which included the Pendu Multi 9AW Trimmer (hereafter "9AW trimmer") giving rise to this action.

The 9AW trimmer is intended to cut rough wood into smaller sized pieces which are eventually made into pallets. Long pieces of wood are fed into the machine on rollers, moved into cutting position, centered (sometimes with the operator's help) and then fed into the saws near the top of the machine where they are cut and sent onto a conveyor. The machine is depicted below.



There is an operator's station near the top. This station is where the operator supervises the process and helps center the wood or address any issues with the machine. The operator's station is depicted below. The guards seen in this photograph were added after December 30, 2019.



II.

That at all times relevant, said trimmer was owned by Berry Pallets (Plaintiff's employer) and was operated by Berry Pallets employees, including Plaintiff, at the Waseca plant.

III.

That on December 30, 2019, Plaintiff Logan Johnson was seriously injured and had three of his fingers cut off while operating the 9AW trimmer in a foreseeable, intended manner. That when Plaintiff was operating the trimmer, the wood on the belt of the machine was stuck on the top of the blade. Plaintiff shut the machine down and unjammed the trimmer. While continuing the operation and feeding a board into the trimmer, Plaintiff's gloved hand was suddenly caught on a moving chain of the trimmer, causing his hand to be pulled into an unguarded sprocket. That occurrence caused Mr. Johnson to lose three of his fingers resulting in significant past and future hospital and medical expenses, loss of earnings and loss of earning capacity, surgeries, disability, disfigurement, restrictions, and permanent damage.

## COUNT ONE - NEGLIGENCE

Plaintiff adopts each allegation of the General Allegations and in addition alleges as follows:

### I.

That Defendant was aware of the hazard of the exposed sprockets on the 9AW trimmer and was negligent in their design, guarding, manufacturing, sales and warnings and instruction given concerning the 9AW trimmer, including but not limited to its failure to properly design the machine, equip it, or update it with proper guards and/or an emergency systemor an interlock system so as to prevent Plaintiff's injuries and also in its failure to properly instructon its use and warn of the danger associated with its use.

### II.

That as a direct and proximate result of Defendant's negligence described above, Plaintiff Logan Johnson was injured.

## COUNT TWO - STRICT LIABILITY

Plaintiff adopts each allegation of the General Allegations and in addition alleges as follows:

### I.

Defendant is in the business of designing, manufacturing, distributing, maintaining, and selling machinery, including the above-mentioned 9AW trimmer.

### II.

That the 9AW trimmer was in a defective and unreasonably dangerous condition when it left the control of the Defendant.

### III.

That on December 30, 2019, at the time Plaintiff was injured, the 9AW trimmer's design

had not been significantly altered, changed, or modified from the condition it was in when it left Defendant's control.

IV.

That at the time Plaintiff was injured, he was using the 9AW trimmer in its intended manner.

V.

That as a direct and proximate result of Defendant's actions and inactions described above, Plaintiff was injured.

## COUNT THREE - EXPRESS WARRANTIES

Plaintiff adopts each and every allegation stated above, and in addition alleges as follows:

I.

That Defendant did expressly warrant that the product described above was safe for use by persons such as the Plaintiff.

II.

That Defendant breached said warranty by designing, manufacturing, and selling the 9AW trimmer which they knew, or should have known was defective and unsafe to use.

III.

That Plaintiff's injuries were a direct result of said breach.

III.

That Plaintiff's injuries were a direct result of Defendant's breach of warranties described above.

**WHEREFORE,** Plaintiff prays for relief against Defendant as follows:

1. For judgment for damages sufficient to compensate the Plaintiff for damages in excess of $75,000.00, including but not limited to past, present, and future economic expenditures, pain, suffering, and disfigurement to Plaintiff in connection with Defendant's defective 9AW trimmer.

2. For compensatory damages according to proof;

3. For all applicable statutory remedies provided by law in Minnesota that assert liability for Defendant's wrongdoings and improper conduct;

4. For prejudgment interest, as permitted by law;

5. For reasonable costs, including attorney's fees as permitted by law; and

6. For all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts and issues so triable.

Respectfully submitted,

Dated: 9/30/2021

**GOLDENBERGLAW, PLLC**

By: */s/ Stuart L. Goldenberg*
Stuart L. Goldenberg (MN# 158719)
800 LaSalle Avenue, Suite 2150
Minneapolis MN 55402
(612) 335-9960 (Tel)
(612) 367-8107 (Fax)
slgoldenberg@goldenberglaw.com

**ATTORNEY FOR PLAINTIFF**